**SPRY v. FREEMAN, Sheriff, et al.**

No. 10455—Opinion Filed Feb. 28, 1922.

(Syllabus.)

**1. Constitutional Law—Due Process of Law.**

No person shall be deprived of life, liberty, or property, without due process of law. Section 7, art. 2, Const. of Oklahoma.

**2. Same—Confiscation of Car Used to Transport Liquors.**

Chapter 188, Session Laws 1917, contemplates that the owner of the property sought to be forfeited shall be given notice in some one of the methods provided for under the Code of Civil Procedure; that such owner shall have an opportunity to defend against such forfeiture. Any forfeiture ordered by the court on any hearing when such notice has not been given, or the owner of said property has not waived such notice and appeared, is a taking of property without due process of law and is void.

**3. Same—Action by Owner of Car Against Officers Illegally Confiscating Car — Sufficiency of Petition.**

Where the facts stated in plaintiff's petition show that the defendants have deprived him of his property without due process of law and have converted the same or the proceeds thereof to their own use, and by such petition he seeks to recover from the defendants the value of said property, the petition states a cause of action and it is reversible error to sustain a demurrer thereto.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by John Spry against Ed Freeman, Sheriff, and the Board of Commissioners of Ottawa County to recover the value of a Ford automobile which defendants had confiscated. The defendants' demurrer to the petition was sustained, and judgment rendered against plaintiff. Judgment reversed, and cause remanded, with directions to overrule the demurrer.

Nesbitt & Nesbitt, for plaintiff in error.

Barry, Turner & Dewberry, for defendants in error.

MILLER, J. This action was commenced in the district court of Ottawa county by

John Spry, as plaintiff, against Ed Freeman as sheriff of Ottawa county, Okla., and the board of county commissioners of Ottawa county, to recover $500, being the alleged value of motor vehicle otherwise described as a Ford automobile.

The plaintiff, in his petition, states that on the 22nd day of July, 1917, while he was traveling on the public highway in Ottawa county, Okla., driving his Ford automobile the said Ed Freeman, as sheriff of said Ottawa county, by his deputies, George O. Gibson and W. H. Corder, arrested the plaintiff and seized his said Ford automobile without any authority of any search or seizure warrant, and without having witnessed the commission or attempted commission of any crime, and wholly without authority of law, and thereupon took the same into their possession, wholly depriving the plaintiff thereof; that plaintiff thereupon was incarcerated in the county jail of said county charged by information of having committed the crime of transporting intoxicating liquors from one point within the state of Oklahoma to another point therein. That on July 27, 1917, Ray McNaughton, the then acting county attorney of said county, filed a petition in the county court of said county, being civil case No. 513, State of Oklahoma ex rel. Ray McNaughton v. One Ford Touring car, alleging that the said John Spry did on the 22nd day of July, 1917, use and employ his said Ford automobile for the purpose of transporting intoxicating liquors from one point within the state of Oklahoma, to another point therein. That on the same day, to wit, the 27th day of July, 1917, without causing process or notice of any kind to be served upon this plaintiff and without the knowledge of plaintiff derived from any source whatever, the court proceeded to hear the testimony of the state of Oklohoma in support of the allegation of said petition, and did thereupon and on the same day, to wit, the 27th day of July, 1917, render a judgment forfeiting plaintiff's Ford automobile to the state of Oklahoma. That thereafter, and on the 10th day of August, 1917, the said sheriff of Ottawa county sold said Ford automobile, and the proceeds derived therefrom were turned over to Ottawa county, Okla. The plaintiff further alleges that on the trial of the criminal charge preferred against him, which occurred on January 19, 1918, he was acquitted by a jury of his piers drawn from the body of Ottawa county. The plaintiff attaches several exhibits to his petition, among which is the petition and journal entry of judgment in said case No. 513, civil, in the county court of Ottawa county. The petition to forfeit the automobile was passed on by the county court on the same day it was filed, and judgment rendered forfeiting the Ford automobile and ordering it sold. The return of the sheriff shows that he sold the car for the sum of $335.

To this petition filed in the district court to recover the value of the automobile, the defendant interposed a general demurrer. On the 30th day of July, 1918, the district court sustained the demurrer of the defendants. The plaintiff perfected this appeal, and appears here as plaintiff in error. The defendants appear here as defendants in error. For convenience, the parties will be referred to as they appeared in the court below.

The plaintiff, in his petition in error, sets out two assignments of error, as follows:

"1. Said district court erred in sustaining appellees' demurrer to this appellant's petition.

"2. The district court erred in rendering judgment against this appellant upon sustaining the demurrer aforesaid."

The petition filed in the county court to confiscate the Ford automobile stated that the county attorney was proceeding under House Bill No. 517, enacted by the Legislature of the state of Oklahoma in the year 1917. This is chapter 188, Session Laws 1917. Said section contemplates that the proceedings had for the confiscation of the property therein described shall conform to the Code of Civil Procedure, and notice must be given in some one of the ways recognized by the Code of Civil Procedure in order to confer jurisdiction upon the court. The arrest of John Spry on a criminal charge did not impart any notice to him that he or his property was being proceeded against in civil action. To confiscate his property without notice and a reasonable opportunity to be heard, would be to violate the Fourteenth Amendment to the Constitution of the United States, and section 7, art. 2, of the Constitution of Oklahoma. It would be depriving him of his property without due process of law. State ex rel. Caldwell v. Hooker, 22 Okla. 712, 98 Pac. 964.

Under the facts disclosed in the plaintiff's petition, the purported judgment rendered on the 27th day of July, 1917, confiscating the Ford automobile and ordering it sold by the sheriff, was void for

want of jurisdiction. The petition, on its face, together with the exhibits attached, stated a cause of action. Where the petition states a cause of action, it is error for the court to sustain a general demurrer to the petition. It necessarily follows that the court also committed error in rendering judgment against the plaintiff when it erroneously sustained the demurrer.

The judgment of the trial court is reversed, and the cause remanded, with instructions to overrule the demurrer and take such further proceedings as may be necessary and which are not inconsistent with the views herein expressed.

HARRISON, C. J., PITCHFORD, V. C. J., and JOHNSON and KENNAMER, JJ., concur.